Margaret CEA, Teresa Cea, and Megan Cea, by her Mother and natural guardian Margaret Cea, Plaintiffs–Appellants,

v.

Amy O'BRIEN and Michael Earl Knox, Defendants–Appellees.

No. 05–0620.

United States Court of Appeals, Second Circuit.

Dec. 29, 2005.

John Cobb, Cobb & Cobb, Tuxedo, NY, for Appellants.

Jonathan M. Bernstein, Goldberg Segalla LLP, Albany, NY, for Appellees.

PRESENT: Hon. THOMAS J. MESKILL, Hon. RALPH K. WINTER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

█ Plaintiff-appellant Margaret Cea appeals the district court's denial of her motion for a new trial. All other grounds for appeal—such as the purported need for a warrant preceding the strip search and challenges to the sufficiency of the evidence concerning reasonable suspicion, the denial of Cea's motion for judgment as a matter of law, and the denial of Cea's motion for an amended judgment—have been insufficiently raised or briefed on appeal, and are therefore waived. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). We assume the parties' familiarity with the facts in this case, its relevant procedural history, and the issues on appeal.

After a jury found that the strip search of Cea at the time of her incarceration did not violate the Fourth Amendment, Cea moved, *inter alia*, for a new trial. "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 911 (2d Cir.1997) (internal notations and quotation marks omitted). We conclude that the district court did not abuse its discretion by denying Cea's motion. *See id.* (review-ing the denial of a motion for a new trial for abuse of discretion).

█ "[T]he Fourth Amendment precludes prison officials from performing strip/body cavity searches of arrestees charged with misdemeanors or other minor offenses unless the officials have a reasonable suspicion that the arrestee is concealing weapons or other contraband based on the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest." *Weber v. Dell,* 804 F.2d 796, 802 (2d Cir.1986). In the instant case, the jury's verdict that the officers had reasonable suspicion to strip-search Cea was supported by substantial evidence. Cea was arrested with her husband for refusing, despite previous court orders, to surrender their handguns to the police. After resisting arrest and upon arriving at the jail, Cea, who was in an agitated state, proclaimed her right to possess weapons. Sergeant Michael Earl Knox testified at trial that he ordered corrections officer Amy O'Brien to strip-search Cea in light of the nature of the charge against Cea, her behavior, and the fact that she was to be housed at the jail among the general population. Knox further testified that strip searches are necessary in some cases because inmates sometimes hide weapons on their persons that evade detection via pat searches. Given the evidence before the jury, the district court did not abuse its discretion in determining that the jury's verdict was neither seriously erroneous nor a miscarriage of justice.

For the reasons stated above, we AFFIRM the district court's judgment.